Filed 4/15/26  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101201 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF04168) |
| v. | |
| RICHARD ISSAC STEELE LOPEZ, | |
| Defendant and Appellant. | |

The trial court sentenced defendant Richard Issac Steele Lopez to an aggregate term of eight years eight months in prison after a jury convicted him on three counts of commercial burglary (Pen. Code, § 459).[1]  Defendant raises two issues on appeal.  First, he contends the trial court prejudicially erred when it found the aggravating factors true and sentenced him to the upper term without first obtaining an express waiver of his right to a jury trial or a stipulation to the aggravating factors.  He also contends that his right to due process was violated when the People failed to plead the aggravating factors the court used to impose the upper term in the information.  We agree the trial court violated

---

[1]     Undesignated statutory references are to the Penal Code.

1

defendant's right to a jury trial on the aggravating factors and that the error was not harmless under *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). Therefore, we vacate defendant's sentence and remand for a jury trial on the aggravating factors.

BACKGROUND

A detailed recitation of the facts underlying defendant's convictions is unnecessary for the issues raised on appeal. Briefly, in October 2023, officers responded to a burglary at a shopping center in Oroville, California, where they found the door to an ice cream shop kicked in, and multiple windows in the center shattered. Defendant was identified as a person of interest. When officers found him, he had dried blood on his hand and was covered in small pieces of glass. Defendant's clothing matched that of the person seen on surveillance video, and the GPS data recovered from his ankle monitor placed him at the scene.

An amended information charged defendant with three counts of commercial burglary (§ 459; counts 1-3). The information also alleged two prior strike convictions for first degree burglary. (§§ 459, 1170.12, subd. (b), 667, subds. (d), (b)-(j).) A jury convicted defendant on all three counts. In bifurcated proceedings, defendant agreed to a bench trial on the prior strike conviction allegations. The trial court found the two prior strike allegations true.

At sentencing, the trial court reviewed the probation officer's report and a prior section 1368 evaluation. One section of the probation report referenced nine felony convictions for defendant; however, another section included a table showing five felony convictions and one misdemeanor conviction. The People explained that the discrepancy arose because the first page of the table was missing from the report.

In pronouncing defendant's sentence, the trial court acknowledged that defendant "did not stipulate to the possible existence of aggravating factors nor did a jury find the aggravating factors to be true." The court took "judicial notice of its own case files" and determined from those records that defendant had an "extensive prior criminal history

2

consisting of numerous prior felony convictions." The court also found that defendant was on Post Release Community Supervision (PRCS) when he committed the current offenses. Based on these findings, the court imposed the upper term of six years on count 1 and consecutive terms of 16 months on counts 2 and 3 for an aggregate prison term of eight years eight months. The court also terminated defendant's PRCS as unsuccessful and imposed a sanction of 180 days to be served in prison, to run concurrent to defendant's current sentence. The court imposed the mandatory minimum restitution fine of $300 and imposed and stayed a parole revocation fine in the same amount. It reserved jurisdiction for victim restitution and imposed other fines and assessments.

Defendant timely appealed.

## DISCUSSION

### I

Defendant's first claim on appeal is that the trial court violated his Sixth Amendment right to have a jury determine the aggravating factors that exposed him to the upper term when it made findings on those factors without an express waiver of his right to a jury trial. Defendant also contends the error requires reversal under *Chapman* because the record does not establish that a jury would have found all the factors the court relied on to impose the upper term true beyond a reasonable doubt.

As to his second claim, defendant contends that his right to due process was violated when the trial court made findings on aggravating factors that were not alleged in the information, and the error was not harmless. He asks this court to strike the aggravating circumstances and remand for resentencing to the middle term or, in the alternative, remand with instructions for the People to provide notice on the specific aggravating factors it intends to rely on to urge the trial court to impose the upper term.

The People concede the trial court erred when it failed to obtain defendant's waiver of his right to a jury trial or a stipulation as to the aggravating factors it used to impose the upper term. The People argue, however, that the error was harmless beyond a

3

reasonable doubt because a jury would have found all the aggravating factors the court relied on to impose the upper term true beyond a reasonable doubt. As to defendant's second claim, the People argue there is no due process or statutory right to have the aggravating factors pled in the information.

A.      *Right to a Jury Trial*

We review questions about whether a defendant's constitutional rights were violated de novo. (*People v. Palmer* (2020) 49 Cal.App.5th 268, 280.) If we determine that a defendant's right to a jury trial has been violated, we apply the harmless error standard in *Chapman*. (*People v. Lynch* (2024) 16 Cal.5th 730, 768 (*Lynch*).) Under the *Chapman* standard, we must reverse and remand a sentence imposed under section 1170, subdivision (b), unless we conclude "beyond a reasonable doubt that a jury would have found true *all* of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Lynch*, at p. 768, italics added.)

1. *Omission of Right to Jury Trial*

It has long been established that under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) In 2022, the Legislature amended section 1170, subdivision (b), to limit a court's discretion to impose the upper term of a sentencing triad. (*Lynch, supra*, 16 Cal.5th at pp. 757, 773.) Under the current version of section 1170, subdivision (b), trial courts may impose a sentence that exceeds the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a

4

court trial." (§ 1170, subd. (b)(2); see *People v. Wiley* (2025) 17 Cal.5th 1069, 1078 (*Wiley*).)

Section 1170, subdivision (b)(3), provides that, "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." This provision is considered the state counterpart to the exception the United States Supreme Court recognized in *Almendarez-Torres v. United States* (1998) 523 U.S. 224 for findings regarding a defendant's prior convictions. (*Wiley, supra*, 17 Cal.5th at pp. 1085-1086.) Recently, the United States Supreme Court clarified in *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*) that the *Almendarez-Torres* exception to the jury trial requirement permits a judge to make findings regarding the fact of a defendant's prior conviction and the elements of the offense alone, nothing else. (*Id.* at p. 837.)

In *Erlinger*, the United States Supreme Court held that a jury was required to determine whether a defendant's past offenses were committed on separate occasions. (*Erlinger, supra*, 602 U.S. at p. 838.) "[D]eciding whether those past offenses occurred on three or more different occasions is a fact-laden task. . . . [¶] Judges may not assume the jury's factfinding function for themselves." (*Id.* at p. 834.) The United States Supreme Court confirmed that a trial court may "do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." (*Id.* at p. 838.) Any determination beyond the bare fact of a defendant's prior conviction and its elements must be made by a jury. (*Ibid.*)

Following *Erlinger*, our Supreme Court confirmed that " "[v]irtually any fact" that increases 'a defendant's exposure to punishment . . . must "be submitted to a jury" and found unanimously and beyond a reasonable doubt.' " (*Lynch, supra*, 16 Cal.5th at pp. 761-762.) "This jury trial guarantee retains its vitality even if the inquiry is ' " 'straightforward.' " ' " (*Wiley, supra,* 17 Cal.5th at p. 1084, quoting *Erlinger*, *supra*,

5

602 U.S. at p. 842.) Therefore, unless a defendant waives the right to a jury trial or stipulates that the aggravating factors are true, under section 1170, subdivision (b), the People must prove to a jury the facts relied on to justify an upper term sentence beyond a reasonable doubt. (*Wiley,* at p. 1086.)

In *Wiley*, our Supreme Court further clarified the scope of the state counterpart to the *Almendarez-Torres* exception codified in section 1170, subdivision (b)(3). (*Wiley, supra*, 17 Cal.5th at p. 1085.) Our Supreme Court held that an inquiry into whether defendant's convictions were of increasing seriousness and whether his performance on probation was poor involved "something more than a narrow factual finding that the convictions were sustained and what elements were required to prove them." (*Id.* at pp. 1082-1083, 1085.) The defendant "was entitled to have a jury determine whether his prior convictions were of increasing seriousness and whether he had performed unsatisfactorily on probation, before the court could rely on those aggravating facts to find justification for an upper term sentence." (*Id.* at p. 1085.)

In holding that a jury was required to make these findings, our Supreme Court noted that "expansive readings of the *Almendarez-Torres* exception," like the one in *People v. Black* (2007) 41 Cal.4th 799, "[did] not survive the high court's more recent pronouncements in *Erlinger*." (*Wiley, supra*, 17 Cal.5th at p. 1085.) Specifically, whether a defendant's prior convictions are "of increasing seriousness" must be determined by a jury. (*Id.* at pp. 1082-1083.) What the California Supreme Court expressly did not decide is whether a defendant is entitled to have a jury determine if his convictions are numerous. (*Id.* at p. 1085, fn. 9.) Even so, the California Supreme Court's reasoning and holding suggest that it is exactly the kind of issue that must be determined by a jury—one that goes beyond the bare fact of a prior conviction. (*Id.* at pp. 1084-1086.) For the same reason, the California's Supreme Court's analysis suggests that a jury is required to determine whether defendant committed the offense while on PRCS. (*Ibid.*)

6

For these reasons, we accept the People's concession that, absent a waiver of his right to a jury trial or an admission, defendant was entitled to a jury trial on these aggravating factors.  (*Wiley, supra,* 17 Cal.5th at p. 1086.)

### 2.  *Prejudice*

The trial court failed to afford defendant his right to a jury trial, so we must now determine whether defendant was prejudiced by that error using the *Chapman* standard.  (*Wiley, supra*, 17 Cal.5th at p. 1087; *Chapman, supra,* 386 U.S. at p. 24.)  Under *Chapman*, a sentence must be reversed " 'unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true *all* of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.' "  (*Wiley,* at p. 1087, italics added.)  "Lack of a jury trial is not harmless under *Chapman* if 'the record contains evidence that could rationally lead to a contrary finding' with respect to the aggravating fact at issue."  (*Ibid.*, quoting *Neder v. United States* (1999) 527 U.S. 1, 19.)

In *Wiley*, our Supreme Court determined that the trial court's omission of a jury trial on the increasing seriousness of the defendant's convictions and his unsatisfactory performance on probation was prejudicial.  (*Wiley, supra*, 17 Cal.5th at pp. 1087-1091.)  Because the inquiry into these factors is a "comparative and qualitative one," it is " ' " 'difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as the trial court. ' " ' "  (*Id*. at pp. 1089-1090.)  The court could not conclude, therefore, that the error was harmless beyond a reasonable doubt.  (*Ibid*.)

We reach a similar conclusion here. After taking judicial notice of its case files in four of defendant's cases,[2] and noting the probation report's reference to nine felonies, the trial court found that defendant had an "extensive prior criminal history, consisting of numerous prior felony convictions." Beyond stating that defendant had numerous felony convictions, the trial court did not describe any of the particulars of defendant's criminal history—the nature of the felonies or the temporal proximity of the felony convictions to each other—that led it to conclude defendant's prior criminal history was extensive.

Like the inquiry into the aggravating factors at issue in *Wiley*, the inquiry into whether defendant's prior convictions were extensive or numerous is a "comparative and qualitative one." (*Wiley*, *supra*, 17 Cal.5th at p. 1090.) A jury reviewing the same information the trial court did could conclude that having multiple felony convictions that are in close temporal proximity, and that do not span decades, does not establish an extensive prior criminal history or numerous prior felony convictions. A jury could also conclude that a criminal history that includes convictions for misdemeanor trespass and failure to appear, and which does not include offenses involving actual violence, does not qualify as an extensive prior criminal history. The qualitative and comparative nature of the inquiry, which could allow a jury to focus on different aspects of defendant's history than the trial court did, makes it " ' " 'difficult . . . to conclude with confidence that[] . . . the jury would have assessed the facts in the same manner as did the trial court.' " ' " (*Ibid*.)

In concluding that a jury could have reached the opposite finding, "[w]e do not suggest that one conclusion is more reasonable or more likely than the other." (*Wiley*,

---

[2] We note that section 1170, subdivision (b)(3), requires the use of certified records of a defendant's prior conviction. (*Wiley, supra,* 17 Cal.5th at p. 1085.) The trial court's case files are not certified records of defendant's convictions. (See Evid. Code, § 1530, subd. (a); see also Evid. Code, § 452.5.) Therefore, the trial court's reliance on its case files was also erroneous.

8

*supra,* 17 Cal.5th at p. 1089.)  Only that it is possible that a rational jury viewing this evidence "could conclude" the People did not prove beyond a reasonable doubt that defendant had an extensive prior criminal history consisting of numerous felony convictions.  (*Ibid*.)  Because it is possible a jury could reach a contrary finding on this aggravating factor, we cannot conclude the deprivation of defendant's right to a jury trial was harmless beyond a reasonable doubt.  (*Id*. at pp. 1087, 1091.)

> B. *Pleading Notice of Aggravating Factors*

Defendant contends that "California law and the constitutional principles underlying [section 1170, subdivision (b)(2),] required the People to "plead and prove any circumstances in aggravation."  Defendant's argument that he had a right to notice of the aggravating factors turns on language in section 1170, subdivision (b)(2), that a defendant has a right to request a bifurcated trial on "circumstances in aggravation alleged in the indictment or information" and language in *Apprendi v. New Jersey* (2000) 530 U.S. 466 that any fact that increases the maximum penalty for a crime must be " ' "charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. " ' "

Because we are reversing on the ground that defendant's Sixth Amendment rights were violated, we need not reach defendant's pleading notice and due process claims.

9

## DISPOSITION

We affirm defendant's conviction, vacate his sentence, and remand for a jury trial on the aggravating sentencing factors.

_____\s\_____,
Krause, J.

We concur:

_____\s\_____,
Mauro, Acting P. J.

_____\s\_____,
Feinberg, J.